UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLOYD E. HARSHMAN,

            Plaintiff,

      v.

BEISTLINE, et al.,

            Defendants.

Case No. 18-cv-05430-EMC

**ORDER OF DISMISSAL**

Docket Nos. 1, 8

## I.     INTRODUCTION

Floyd E. Harshman, an inmate at the United States Penitentiary in Lompoc, California,

filed this *pro se* civil rights action to complain about events and omissions that occurred in

connection with the federal criminal case brought against him in Alaska.  His complaint is now

before the court for review under 28 U.S.C. § 1915A.  His motion for the "court to go on public

record against the English common law known as 'absolute immunity'" also is before the court.

Docket No. 8 at 29.

## II.     BACKGROUND

Mr. Harshman was convicted in the U.S. District Court for the District of Alaska of crimes

related to "marijuana cultivation" and currently is serving a prison sentence for those crimes.

Docket No. 1 at 1-2.  The Ninth Circuit affirmed the conviction, and the U.S. Supreme Court

denied Mr. Harshman's petition for writ of certiorari.  Mr. Harshman currently has a motion under

28 U.S.C § 2255 pending in the U.S. District Court for the District of Alaska.

In his complaint, Mr. Harshman alleges that his constitutional rights were violated by

Judge Beistline in the U.S. District Court for the District of Alaska during Mr. Harshman's

1     criminal case. Mr. Harshman alleges, for example, that the judge improperly denied bail, the

2     judge was biased, and the judge declined to accept *pro se* filings from Mr. Harshman while he was

3     represented by counsel. Mr. Harshman also alleges that the U.S. District Court for the District of

4     Alaska made incorrect rulings on his motion for relief under 28 U.S.C. § 2255.

5         Mr. Harshman also alleges claims based on events that occurred during his appeal to the

6     Ninth Circuit. Ninth Circuit Commissioner Shaw allegedly refused to let Mr. Harshman file

7     documents *pro se* because he was represented by counsel. The Ninth Circuit allegedly ignored

8     Mr. Harshman's efforts to be heard directly while he was represented and refused to let Mr.

9     Harshman's attorney withdraw so that new counsel could be appointed. The Ninth Circuit also

10     allegedly eventually allowed Mr. Harshman to file a supplemental brief on appeal but refused to

11     address those issues he briefed, did not invite him to present oral argument, and improperly denied

12     his petition for rehearing. The Ninth Circuit allegedly did not allow Mr. Harshman to file his

13     "tort" in that court about the criminal appeal. Docket No. 1 at 8.

14                     **III.**      **DISCUSSION**

15    A.     Review Of Complaint

16         A federal court must engage in a preliminary screening of any case in which a prisoner

17     seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

18     U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

19     claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

20     seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

21         The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403

22     U.S. 388, 396 (1971), "established that the victims of a constitutional violation by a federal agent

23     have a right to recover damages against the official in federal court despite the absence of any

24     statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). The Supreme Court

25     has recognized a *Bivens* claim in only three cases: *Bivens* (4th Amendment unreasonable search

26     and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th Amendment Due Process

27     Clause gender discrimination); and *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (8th Amendment

28     inadequate medical treatment). "These three cases -- *Bivens*, *Davis*, and *Carlson* – represent the

2

1    only instances in which the [Supreme] Court has approved of an implied damages remedy under

2    the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has

3    made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and will not

4    be available if there are "'special factors' counseling hesitation in the absence of affirmative action

5    by Congress," *id.* at 1848 (citation omitted).

6        This Court need not determine whether there could be a *Bivens* claim for the various

7    wrongs alleged in the complaint because there is a problem with the complaint that cannot be

8    overcome even if a right of action is found under *Bivens* for the wrongs alleged. Specifically, all

9    the defendants are federal judges and have absolute judicial immunity against Mr. Harshman's

10   claims because their allegedly wrongful acts were actions done in their judicial capacity. A

11   federal judge is absolutely immune from civil liability for acts performed in his or her judicial

12   capacity; this immunity is not limited to immunity from damages, but also extends to actions for

13   declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th

14   Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying

15   judicial immunity to actions under *Bivens*); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)

16   ("Few doctrines were more solidly established at common law than the immunity of judges from

17   liability for damages for acts committed within their judicial jurisdiction, as this Court recognized

18   when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."). The

19   complaint must be dismissed because all the claims against all the defendants are barred by the

20   doctrine of absolute judicial immunity.

21       There are other defects that cover some parts of the complaint. First, the relief requested

22   includes a request for an order compelling the district court in Alaska and the Ninth Circuit to

23   accept *pro se* filings from persons represented by counsel. If Mr. Harshman wants to challenge a

24   decision made by Judge Beistline in the District of Alaska, his recourse is limited to filing a

25   motion or action in that court or filing an appeal in the Ninth Circuit. If Mr. Harshman wants to

26   challenge a decision of the Ninth Circuit, his recourse, if any, is to file a motion in that court or to

27   petition for a writ of certiorari in the U.S. Supreme Court. (This court is not suggesting that any of

28   these methods would be successful – indeed, it is probably too late to do most of them – but only

1    pointing out that these are the methods by which a litigant would make the challenges Mr.

2    Harshman wants to assert.)  This court does not have appellate jurisdiction over other district

3    courts or over the Ninth Circuit. *See Mullis*, 828 F.2d at 1392-93 & n.19.  Nor does the district

4    court have authority to issue a writ of mandamus to another district court. *See id.* at 1393.  This

5    court thus lacks jurisdiction to order the district court in Alaska or the Ninth Circuit to accept *pro*

6    *se* filings from represented litigants.

7         Second, the relief requested includes some sort of relief from Mr. Harshman's conviction.

8    Even if a *Bivens* claim existed for claims regarding the criminal trial or filing practices in federal

9    courts, Mr. Harshman cannot bring a *Bivens* action for alleged constitutional violations in

10   connection with his criminal trial as long as the conviction remains in place. *Heck v. Humphrey*,

11   512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a

12   wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness

13   would render a conviction or sentence invalid, unless that conviction or sentence already has been

14   determined to be wrongful. *See id.* at 486-87.  A conviction or sentence may be determined to be

15   wrongful by, for example, being reversed on appeal or being set aside when a state or federal court

16   issues a writ of habeas corpus. *See id.*  The *Heck* rule also prevents a person from bringing an

17   action that -- even if it does not directly challenge the conviction -- would imply that the

18   conviction was invalid.  The practical importance of this rule is that a plaintiff cannot attack his

19   conviction *in* a civil rights action; the conviction must have been successfully attacked *before* the

20   civil rights action is filed.  The *Heck* rule was first announced with respect to an action for

21   damages, but has since been applied to actions that sought declaratory and injunctive relief.  If

22   success in the civil rights action would "necessarily demonstrate the invalidity of confinement or

23   its duration,' the civil rights action is barred no matter the relief sought (i.e., damages or equitable

24   relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82

25   (2005).  The rationale of *Heck* applies to *Bivens* actions as well as those brought under 42 U.S.C.

26   § 1983. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  The *Heck* rule thus bars any claims

27   that would call into question Mr. Harshman's conviction, such as his claims that the judge was

28   biased and that he received ineffective assistance of counsel.

4

B.        Motion Regarding Absolute Judicial Immunity

Mr. Harshman recognizes that the doctrine of absolute judicial immunity poses an obstacle to this action and has filed a motion arguing against the doctrine.  He asks this Court "to go on public record against the English common law known as 'absolute immunity.'"  Docket No. 8.

As a lower court, this Court must follow the holdings of the U.S. Supreme Court and the Ninth Circuit.  "Stare decisis maintains a hierarchical dimension which is believed to be crucial to the efficient operation of the judicial system. No one contests that all inferior courts are bound by Supreme Court decisions. When no Supreme Court decision has been issued, the decisions of the court of appeals for a particular circuit are binding on all lower courts within that circuit." *In re Barakat*, 173 B.R. 672, 677 (Bankr. C.D. Cal. 1994), *subsequently aff'd*, 99 F.3d 1520 (9th Cir. 1996); *see Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuits.").  This Court is bound by the decisions of the U.S. Supreme Court and the Ninth Circuit, which plainly recognize the doctrine of absolute judicial immunity.  Mr. Harshman's motion for the Court to go on record against absolute judicial immunity is **DENIED**.  Docket No. 8.

### IV.        CONCLUSION

For the foregoing reasons, this action is **DISMISSED** because the action is barred by the doctrine of absolute judicial immunity.

The Clerk shall close the file.


**IT IS SO ORDERED**.


Dated: January 23, 2019

_____

EDWARD M. CHEN
United States District Judge