UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD E. HARSHMAN,<br>　　　　　Plaintiff,<br>　　v.<br>BEISTLINE, et al.,<br>　　　　　Defendants. | Case No. 18-cv-05430-EMC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS**<br><br>Docket Nos. 14, 15, 16, 17 |

## I. INTRODUCTION

Floyd E. Harshman, a federal prisoner currently serving his sentence at a prison in Lompoc, California, filed this *pro se* civil rights action. The Court conducted an initial review of the complaint and dismissed the action as barred by the doctrine of absolute judicial immunity. This matter is now before the Court for consideration of Mr. Harshman's motion for reconsideration of that dismissal, as well as some other miscellaneous motions he has filed.

## II. BACKGROUND

In his complaint, Mr. Harshman complained about events and omissions that occurred in his federal criminal case in the United States District Court for the District of Alaska ("Alaska District Court"), including allegations that the judge improperly denied bail, was biased, improperly declined to accept *pro se* filings from Mr. Harshman while he was represented by counsel, and made incorrect rulings on Mr. Harshman's motion for relief under 28 U.S.C. § 2255. Mr. Harshman also complained about events and omissions that occurred during his appeal to the United States Court of Appeals for the Ninth Circuit, such as allegations that the judges/court refused to let Mr. Harshman file documents *pro se* and argue his case personally because he was at the time represented by counsel, refused to address arguments he eventually was allowed to make,

and improperly denied his petition for rehearing.

The Court conducted an initial review of the prisoner complaint as required by 28 U.S.C. § 1915A, and dismissed the action. The Court understood the complaint to be filed against the district judge, a Ninth Circuit commissioner, and three Ninth Circuit judges. The Court explained that it did not need to determine whether there could be a *Bivens*[1] claim for the various wrongs alleged in the complaint; dismissal was warranted for the defendants who all "have absolute judicial immunity against Mr. Harshman's claims because their allegedly wrongful acts were actions done in their judicial capacity." Docket No. 12 at 2-3.

Although relying on the doctrine of absolute judicial immunity as the basis for dismissal, the Court also mentioned two other problems that appeared to exist for parts of the complaint. First, Mr. Harshman's request for orders compelling the Alaska District Court and the Ninth Circuit to accept *pro se* filings from persons represented by counsel needed to be pursued in motions and appeals in those courts rather than in an independent action here because "[t]his Court does not have appellate jurisdiction over other district courts or over the Ninth Circuit" or "authority to issue a writ of mandamus to another district court." Docket No. 12 at 4 (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1392-93 & n.19 (9th Cir. 1987)). Second, the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), "bars any claims that would call into question Mr. Harshman's conviction, such as his claims that the judge was biased and that he received ineffective assistance of counsel." Docket No. 12 at 4.

### III.     DISCUSSION

A.     Motion For Reconsideration

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253,

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

1255 (9th Cir. 1999) (en banc).

Mr. Harshman has not shown newly discovered evidence, clear error, or an intervening change in the law. Mr. Harshman's primary argument is that the doctrine of absolute judicial immunity does not apply to this case because his complaint was not against the individual judicial officers and instead was against the courts themselves. That is, he claims he intended to sue the Alaska District Court and the Ninth Circuit, institutions that do not have absolute judicial immunity. Docket No. 14 at 1-2.

Mr. Harshman is not entitled to have the order of dismissal and judgment set aside on this ground. The Court did not commit clear error in reading the complaint as being against individual judicial officers rather than courts. The complaint's first page has a section labelled "Parties," under which the only parties listed are the five judicial officers. Docket No. 1 at 1. The Alaska District Court and the Ninth Circuit are not listed as parties in the section labelled "Parties." *Id.* Although the complaint contains some allegations of misconduct by the Alaska District Court and the Ninth Circuit, it is commonplace for litigants and courts to refer to a judge's actions as actions of a court rather than as actions of an individual. For example, it is common to state that the "Ninth Circuit" issued an opinion in a pending case rather than that Judge X issued an order. The Court's understanding that Mr. Harshman was suing the judicial officers rather than the courts was not clearly erroneous, given that the allegations were focused on judicial actions in pending cases and that the five judicial officers were listed as "Parties."

The Court will not set aside the order of dismissal and judgment to allow Mr. Harshman to file an amended complaint that does include the Alaska District Court and the Ninth Circuit as parties because it would be futile for him to do so. A plaintiff cannot assert a claim directly under the U.S. Constitution, so it is not enough to simply allege that a plaintiff's constitutional rights have been violated. Rather, there also must be a method, such as a statute authorizing an action asserting a claim for a constitutional violation, that allows a district court to entertain that claim for a violation of the plaintiff's constitutional rights.[2] Mr. Harshman has not identified, and this

---

[2] The most common method for plaintiffs to pursue claims in federal courts for violations of their federal constitutional rights is via an action for relief under 42 U.S.C. § 1983. For example, a state

3

Court has not found, a method that allows him to assert a federal constitutional claim against another federal court.

The usual method by which a plaintiff would seek to assert a claim for a violation of his federal constitutional rights is in an action under 42 U.S.C. § 1983 (if a state actor has violated those rights) or in a *Bivens* action (if a federal actor has violated those rights). Section 1983 would not provide authority for Mr. Harshman's claims because the proposed defendants are federal courts rather than state courts and therefore were not acting under the color of state law. A *Bivens* action also is not available to him. The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 396 (1971), "established that the victims of a constitutional violation by a *federal agent* have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (emphasis added).[3] Critically, a *Bivens* action may only be brought against individuals, and not against federal agencies or the federal government itself. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994). A *Bivens* action thus cannot be brought against the Alaska District Court or the Ninth Circuit because those entities are agencies of the federal government and are not individual persons.

The Federal Tort Claims Act (FTCA) also would not provide authority for Mr. Harshman to assert claims against the Alaska District Court or the Ninth Circuit. Sovereign immunity shields the federal government and its agencies from suit absent a waiver of that immunity. *See*

---

prisoner who wants to pursue a claim that his First Amendment rights were violated in prison would allege a claim under § 1983. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person "acting under the color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] The Supreme Court has recognized a *Bivens* claim in only three cases: *Bivens* (4th Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th Amendment Due Process Clause gender discrimination); and *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (8th Amendment inadequate medical treatment). "These three cases -- *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has made clear that "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity" and will not be available if there are "special factors counseling hesitation in the absence of affirmative action by Congress," *id.* at 1848.

4

*Meyer*, 510 U.S. at 475. In enacting the FTCA, 28 U.S.C. § 1346, Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees." *Id.* at 475-76. Section 1346 grants the district courts jurisdiction over the category of claims that are "'[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the *claimant in accordance with the law of the place where the act or omission occurred.*'" *Meyer*, 510 U.S. at 477 (omission in original) (quoting 28 U.S.C. § 1346(b)) (emphasis added). A constitutional tort claim does not satisfy the sixth requirement: the reference to the "law of the place" means the law of the State where the act occurred, but a federal constitutional claim is not the law of the State because "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Meyer*, 510 U.S. at 477-78. Mr. Harshman thus cannot bring his constitutional tort claims (i.e., claims for violation of the constitutional rights of access to the courts and to petition the government) under the FTCA.

Mr. Harshman cites 18 U.S.C. § 242 in his complaint, *see* Docket No. 1 at 7, but that section would not provide an appropriate method for Mr. Harshman's claims against the courts for violation of his constitutional rights. Section 242 is a "criminal statute[] that do[es] not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also Rockefeller v. U.S. Ct. of Appeals Office*, 248 F. Supp. 2d 17, 23 (D. D.C. 2003) (no private cause of action under 18 U.S.C. §§ 242 and 371).

Finally, a petition for writ of mandamus would not be an appropriate method for Mr. Harshman to assert claims against the Alaska District Court or the Ninth Circuit. As mentioned earlier, "[t]his Court does not have appellate jurisdiction over other district courts or over the Ninth Circuit" or "authority to issue a writ of mandamus to another district court." Docket No. 12 at 4 (citing *Mullis*, 828 F.2d at 1392-93 & n.19).

To summarize, Mr. Harshman has not shown newly discovered evidence, clear error by the

Court, or an intervening change in the law that warrants setting aside the order of dismissal. The order of dismissal was correct. And the Court will not set aside the dismissal to allow Mr. Harshman to name the Alaska District Court and the Ninth Circuit as parties because it would be futile for him to do so. He could not pursue a claim against those courts in a *Bivens* action, in an FTCA action, under 18 U.S.C. § 242, or in an action for writ of mandamus.

Mr. Harshman also argues in his motion for reconsideration that he is not seeking any sort of relief from his conviction in the Alaska District Court. Docket No. 14 at 3. He urges that his purpose is to challenge the courts' "practice of denying represented defendants meaningful access to their court." *Id.* Although his complaint's primary focus may be on the courts' refusal to allow litigants to file documents *pro se* while those litigants are represented by counsel, there are many allegations in the complaint pertaining to the judge's conduct of the criminal case against him in the Alaska District Court, as well as counsel's assistance in that case. *See, e.g.,* Docket No. 1 at 2-5, 15 (denial of Mr. Harshman's motions "caus[ed him] unnecessary incarceration"). This Court's discussion of the *Heck* bar to any claims that would call into question Mr. Harshman's conviction was not improper, given the allegations in the complaint that appear to assert claims that the judge was biased and that his counsel provided ineffective assistance – as success on such claims would call into question the lawfulness of his conviction. If, as Mr. Harshman now suggests, he does not assert such claims, then the mention of *Heck* in the order of dismissal was mere surplusage that had no dispositive effect on any claim he actually asserted in the complaint. Reconsideration is not warranted based on the citation of *Heck* in the order of dismissal.

Finally, Mr. Harshman argues that the Court wrongly rejected his motion "to go on public record against the English common law known as 'absolute immunity.'" Docket No. 8 at 29. The Court had rejected the motion, explaining that this Court is "bound by the decisions of the U.S. Supreme Court and the Ninth Circuit, which plainly recognize the doctrine of absolute judicial immunity." Docket No. 12 at 5. Mr. Harshman may disagree with this Court's rejection of his motion, but he has not shown it to be erroneous.

Mr. Harshman's motion for reconsideration is **DENIED** because he has not presented newly discovered evidence, and has not shown the Court committed clear error or that there was

1 an intervening change in the law. Docket No. 14.

2 B. <u>Other Post-Judgment Motions</u>

Mr. Harshman requests that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, there are not exceptional circumstances requiring the appointment of counsel. The Court will not appoint counsel in this closed case because there does not appear to be any likelihood of success on the merits. The request for appointment of counsel is **DENIED**. Docket No. 16.

Mr. Harshman requests that the Court provide him a receipt when it receives any communication from him. Docket No. 15. The request is **DENIED**. The Court does not customarily prepare and send receipts for documents received. If Mr. Harshman wants confirmation of a filing, he may send an extra copy of the filing with a self-addressed stamped envelope so that the clerk may return a conformed copy of the filing to him. In any event, there should not be any more filings in this closed case.

Mr. Harshman requests the Court to "hold" his mail because his paperwork has been packed for a transfer to a new location. Docket No. 16. The request is **DENIED** as moot because, after filing that request, Mr. Harshman later filed a notice indicating he had reached his new address. Docket No. 17.

## IV. CONCLUSION

Mr. Harshman's motion for reconsideration is **DENIED**. Docket No. 14.

Mr. Harshman's motions for appointment of counsel, for receipts, and for his mail to be held are **DENIED**. Docket Nos. 15, 16, 17.

**IT IS SO ORDERED**.

Dated: August 20, 2019

_____
EDWARD M. CHEN
United States District Judge

7